IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IRA YOUNG AND § | |
| JANICE BASS-YOUNG, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-13-2489 |
| § | |
| BANK OF AMERICA, N.A.; § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEM, AKA "MERS" § | |
| AND ANY LAW ENFORCEMENT OFFICER § | |
| CHARGED WITH ENFORCEMENT OF A § | |
| WRIT OF POSSESSION, § | |
| § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant Bank of America, N.A. ("Bank of America") and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6) (Document No. 4), in which the Defendants seek dismissal of all of Plaintiffs' claims against them because Plaintiffs fail to allege any facts, much less sufficient facts, to state a plausible cause of action against them upon which relief can be granted. Having considered the Motion, Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss (Document No. 6), and Defendants' Reply in Support of Motion to Dismiss (Document No. 7), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss be GRANTED, and that Plaintiffs' Petition be dismissed with prejudice.

## I. Introduction

Plaintiffs Ira Young and Janice Bass-Young ("Plaintiffs" or "the Youngs") filed their Original Petition and Application for Ex-Parte Temporary Restraining Order ("the Petition") in the 400th Judicial District Court of Fort Bend County, Texas Cause No. 13-DCV-208549 on August 14, 2013 (the "State Court Action"). (Document No. 1-1, Exhibit B-1). The Youngs' State Court Action relates to the Defendants' foreclosure of the Youngs' property located at 2707 Feather Green Trail, Fresno, Texas 77545 (the "Property"), and subsequent sale of that Property. In Plaintiffs' State Court Action, they allege claims against Defendant Bank of America, N.A. ("Bank of America") and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"), for "Lack of Standing to Foreclose/Declaratory Judgment", "Declaratory Relief," to "Quiet Title", and "Rescission". As relief, they sought a temporary restraining order and a temporary injunction halting their scheduled eviction as well as monetary damages.

Defendants timely removed the case to this court on the basis of diversity jurisdiction, and filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim (Document No. 4). The Youngs have filed a Response to the Motion to Dismiss (Document No. 6), and Defendants have filed a Reply in Support of its Motion to Dismiss (Document No. 7).

## II. Standard of Review

Here, because Defendants have filed a Rule 12(b)(6) motion, the undersigned Magistrate Judge construes the Petition in favor of the Plaintiffs and has accepted as true all well-pleaded facts. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009)). Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)((6). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, plausibility will not be found where the complaint "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). The Supreme Court has further held that plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 U.S. at 678-680. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. Therefore, a Plaintiff must plead specific facts, not merely conclusory allegations to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). While a court must accept all of Plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

  The court may consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[T]he defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary

determination of whether a claim has been stated." *Collins v. Morgan Stanely Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).  Also, the court may take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).  Here, the loan or property documents referenced in the State Court Action are attached as exhibits to the Youngs' Petition (Document No. 1-1, Exhibits A-E), as well as to their Response to Defendant's Motion to Dismiss.  (Document No. 6, Exhibits A-E).  In addition, the Youngs attached to their Response to the Motion to Dismiss two additional exhibits.  (Document No. 6, Exhibits F & G).  For convenience, all references will be to the Exhibits attached to Plaintiffs' Response to the Motion to Dismiss.  Attached as exhibits and considered herein are:  "Deed of Trust" dated December 20, 2005, naming Ira C. Young, Jr. and Janice M. Bass-Young as the borrowers and Countrywide Home Loans, Inc. as the Lender.  The Deed of Trust identifies MERS as the beneficiary of the security instrument as "nominee for Lender and Lender's successors and assigns."  The Deed of Trust further states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited [sic] to, the rights to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

(Document No. 6, Exhibit A); the  "Assignment of Deed of Trust", dated September 29, 2011, reflecting that  "for value received, the undersigned holder of a Deed of Trust ...does hereby grant, sell, assign, transfer and convey unto Bank of America, N.A., ...all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust", that was signed by Diana Pham, Assistant Secretary on behalf of Mortgage Electronic Registration Systems, Inc. (MERS) (Exhibit B); Corporation Assignment of Deed of Trust

(Document No. 6, Exhibit C); Corporation Assignment of Mortgage (Document No. 6, Exhibit D); "Foreclosure Sale Deed", dated July 3, 2012, reflecting the sale of the Property at a foreclosure auction for $151,675.05, to Bank of America, N.A., from the Current Mortgagee: Bank of America, N.A. by Allison Spencer, as Substitute Trustee, and filed in the Fort Bend County Real Property Records (Document No. 6, Exhibit E); a "Linkedin.com Profile" of Diane Pham that purportedly identifies Ms. Pham as being employed as a Vice President at Bank of America, Senior Service Delivery Manager, San Francisco Bay Area (Document No. 6, Exhibit F); and an August 5, 2011, news release concerning a legal action brought by the Washington State Attorney General against ReconTrust, a subsidiary of Bank of America for purportedly conducting illegal foreclosures in Washington State. (Document No. 6, Exhibit G). The above referenced documents have been considered in connection with Defendants' Rule 12(b)(6) Motion to Dismiss.

**III. Discussion-Plaintiffs' Claims**

The Youngs' current pleading is the Petition (Exhibit B-1 to Defendants' Notice of Removal (Document No. 1-1 at 7-40), they filed in state court prior to removal of this case. In that Petition, Plaintiffs allege causes of actions for: (1) "Lack of Standing to Foreclose/Declaratory Judgment" (2) "Declaratory Relief", (3) to "Quiet Title" and (4) "Rescission". (Document No. 1-1, Exhibit B-1, at 7-25). Plaintiffs allege that Defendants "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original promissory note along the chain of securitization." Plaintiffs further allege that Defendants "cannot and could not establish possession and proper transfer and/or endorsement or assignment of the deed of trust herein ...none of the Defendants have or had a perfected any claim of title or security interest in the Property when the home was sold at foreclosure auction and subsequently transferred by Trustee's Deed to Bank of America by Document No. 2012078614 of the Fort Bend County Records." With respect to the

assignment, Plaintiffs allege that "MERS, as nominee under the original Deed of Trust, attempted to assign the power of sale under the Deed of Trust to Bank of America recorded as Document Number 2011101421, which was purportedly executed on September 29, 2011" and that the assignment was signed by Diana Pham, supposedly as an Assistant Secretary of MERS, as "nominee" for Countrywide Home Loans, Inc." and that "Diana Pham is in fact a notorious Robosignor who works at a document processing center in Ventura County, California where she not only prepares mortgages and/or deeds of trust on behalf of Bank of America, but also assigns them as Assistant V.P. of that same bank."  With respect to standing to foreclose under Texas law, Plaintiffs allege "that the only individual who has standing to foreclose...is either the holder of the note (or the Holder's Servicer, because only the Holder has a beneficial interest), or the last person to have been assigned the deed of trust of record" and that "no defendant has presented or can present it is the holder of the note or the representative of the holder of the note with the right to foreclose as a mortgagee."  Plaintiffs further allege that "the purported September 29, 2011 assignment of the Deed of Trust from MERS, as nominee for Countrywide Home Loans, Inc., to Bank of America was fraudulent and illegal because the person (Diana Pham) purporting to sign such document on behalf of Countrywide Home Loans, Inc. had no capacity or agency authority to sign such documents, had no personal knowledge of the information in the document, and was in fact an employee of the purported assignee, Bank of America." (Document No. 1-1, Exhibit B-1, at 12-15, ¶20-23, 26-29).

Here, the gist of Plaintiffs' Petition is that Defendants did not have the right to foreclose on the Property.  According to Plaintiffs, the assignment of the subject note and the lender's interest in the related deed of trust by Defendant MERS on behalf of Countrywide Home Loans, Inc. to Defendant Bank of America is void because the person (Diana Pham) purporting to sign the

assignment on behalf of MERS, had no capacity or agency to sign such document, had no personal knowledge of the information in the document, and was in fact an employee of the purported Assignee, Bank of America. Defendants counter that Plaintiffs' Petition should be dismissed because Plaintiffs lack standing to challenge the assignment of their mortgage. In addition, Defendants argue that because all of the causes of actions alleged by the Youngs are based on their challenge to the assignment, their Petition should be dismissed for failure to state claim for which relief can be granted.

    A. Standing

Defendants' argument that the Youngs lack standing to challenge the assignment relies on a recent decision by the Fifth Circuit Court of Appeals *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013). In *Reinagel*, "mortgagors who defaulted on their note [sought] to enjoin a bank from foreclosing, contending that the assignments by which the bank obtained the note and corresponding deed of trust were "robo-signed" and therefore invalid." *Id.* at 222. The Defendants argued that the Reinagels' lacked standing to challenge the assignment. The Fifth Circuit first found that a non-party to an assignment does have standing to challenge the assignment on grounds that the assignment is void, but does not have standing to challenge the assignment on grounds that the assignment is voidable. *Id.* at 225 ("an obligor cannot defend against an assignee's efforts to enforce the obligation on the ground that merely renders the assignment voidable at the election of the assignor," but *"may* defend 'on any ground which renders the assignment void.'"). With this distinction between void and voidable, the Fifth Circuit found that the Reinagels' challenges to the authority of the person who executed the assignment, their challenge to the authenticity of the signature on the assignment, and their challenge to the assignment on the basis that it was contrary to the terms of the Pooling and Service Agreement were all grounds that made

the assignment voidable, not void and therefore, for purposes of standing to assert challenges to the assignment, the Reinagels could not challenge the "facially valid" assignment of the Note and Deed of Trust." *Id.*

The analysis and holding in *Reinagel* is instructive and supports Defendants' arguments that the Youngs lack standing to challenge the assignments because all of the circumstances that the Youngs advance: challenging the validity of the assignment, and challenging the lack of authorization or capacity by the person executing the assignment, Diana Pham, and challenging the assignment as fraudulent or illegal, at best would render the assignment voidable, not void.

The Deed of Trust and Assignment documents submitted by Plaintiffs show an unbroken, facially valid chain of assignments. The Deed of Trust signed by the Youngs identifies MERS as beneficiary and nominee for Lender (Countrywide Home Loans, Inc.), and Lender's successors and assigns. The Deed of Trust provides that "MERS, (as nominee for Lender and Lender's successor and assigns), has the right to: exercise any and all of those interests including, but not limited to, the right to foreclose, and *sell the Property*; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument." (Document No. 6, Exhibit A)(emphasis added). The September 29, 2011, "Assignment of Deed of Trust shows the MERS assigned, for value received, its interests in the Deed of Trust to Bank of America (Document No. 6, Exhibit B). The Assignment of the Deed of Trust purported to assign the Deed of Trust and the underlying note. Upon the assignment, Bank of America, N.A. became the new mortgagee because it was the new beneficiary of the Deed of Trust. As mortgagee, Bank of America had all the rights that the Youngs granted Lender, including the power of sale upon default. On September 13, 2012, the Bank of America sold the Property at a foreclosure auction to Bank of America, N.A. (Document No. 6, Exhibit E).

As to Plaintiffs' allegations and arguments that Defendants have no standing to foreclose because they do not have the note, and have not shown that they the current holders of the Note, that argument is contrary to the holding of the Fifth Circuit in *Martins v. BAC Home Loans Servicing, L.P.*. 722 F.3d 249, 255 (5th Cir. 2013). The Fifth Circuit wrote: "[a] deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale,' even though it would not be possible for both to hold the note." The lender or mortgage servicer can foreclose under a deed of trust and is not required to produce evidence that it is a holder of the note. *Martins*, 722 F.3d at 255. *See also: Kramer v. Federal Nat. Mortg. Ass'n*, No. 12-511171, 2013 WL 5273224, at *1 (5th Cir. 2013)("The panel in *Martins* clearly held that the Texas Property code allows a party who has been assigned the deed of trust by MERS to foreclose, regardless of whether that party also holds the underlying note."); *Wiley v. Deutsche Bank Nat. Trust Co.*, 539 Fed.Appx. 533, 536, 2013 WL 4779686, *2-3)(5th Cir. Setp. 6, 2013)("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of law."); *Casterline v. OneWest Bank*, 537 Fed.Appx. 314, 318 (5th Cir. 2013), 537 Fed. Appx. at 318 ("Texas law did not require OneWest to present the original Note to foreclose on Casterline's property."); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013)("Our holding in *Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code."); *Bierwith v. BAC Home Loans Servicing LP*, No. 03-11-644-CV, 2012 WL 3793190, at *3-5 (Tex.App.-Austin Aug. 30, 2012, no pet.)(rejecting "show-me-the-note" and "split-the-note" theories and holding MERS, as beneficiary and nominee named in deed of trust, had authority to assign deed of trust).

Plaintiffs' allegations that Defendants have no standing to foreclose under Texas law because

they have not established that either is the holder of the Note or that it is the assignee of record relies on the concurrence of Judge Graves in *Reinagel*. Judge Graves expressed his disagreement with the majority's conclusion that Texas courts adhere to the "note-follows-the mortgage presumption." *Reinagel*, 735 F.3d at 229. According to Judge Graves, "Texas courts have not 'expressly adopted' the *Restatement's* note-follows-the mortgage presumption precisely because longstanding United States Supreme Court and Texas precedent requires that a foreclosing party be the holder of the promissory note in order to foreclose." *Id.* Judge Graves opined that "[i]t is only logical that a lender must hold the obligation in order to foreclose on the security for that obligation." This however is contrary to the majority's opinion in *Reinagel*, which noted that Texas follows the Restatement (Third) of Property: Mortgages, and that under the Restatement, "the transfer of a mortgage presumptively includes the note secured by the mortgage, whether or not the instrument of assignment expressly references the note" and is also contrary to controlling Fifth Circuit case law in *Martins*.

Plaintiffs' next challenge to the assignment concerns who signed the assignment, Diana Pham, on behalf of MERS and as a VP of Bank of America. Plaintiffs argue that the MERS assignment is void because it was signed by an unauthorized agent. According to Plaintiffs, Diana Pham, a purported MERS Assistant Secretary, improperly assigned the note and deed to Bank of America, on or about the same day that she executed documents as an Assistant Vice President of Bank of America. Based on this, the Youngs allege that Diana Pham was not an authorized agent and the assignment is void as fraudulent and illegal.

Again, *Reinagel* is instructive. In *Reinagel,* the mortgagors argued that a contract executed by a person fraudulently purporting to be a corporate officer was void. The Fifth Circuit held that a contract executed by a person fraudulently purporting to be a corporate officer is voidable at the

defrauded principal's election. It is not void as a matter of law, as argued by the mortgagor. *Reinagel*, 735 F.3d at 266 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). The Fifth Circuit wrote:

> The Reinagels challenge the validity of the first instrument on the ground that Ms. Reynolds executed it as the "authorized agent" of Argent even though she was employed by Citi Residential Leasing, Inc. ("Citi"), implying–but never directly asserting–that Reynolds must have therefore lacked authority to execute the assignment. However, as reflected in the attachments to the pleadings, Reynolds signed as the "authorized agent" of "Citi..., [attorney-in-[fact for Argent." As the Reinagels conspicuously fail to allege either that Ms. Reynolds lacked authority to act on behalf of Citi or that Citi lacked authority to act on behalf of Argent–let alone plead facts to support such allegations–there is no record basis for concluding that Ms. Reynolds misrepresented the scope of her authority in executing the assignment. In short, the Reinagels' challenge to the validity of the first assignment fails on its own terms.
>
> Turning to the second assignment, the Reinagels challenge it as void because Mr. Bly executed the instrument as "Vice President" of Citi–Argent's authorized agent–even though he was actually an employee of a third-part contractor, Nationwide Title Clearing. However, in *Nobles v. Marcus*, the Texas Supreme Court clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal–here, Citi (or Argent through Citi). As [Texas] law is settled that the obligors of a claim ... may not defend [against an assignee's effort to enforce the obligation] on any ground which renders the assignment voidable only," Bly's alleged lack of authority, even accepted as true, does not furnish the Reinagels with a basis to challenge the second assignment.
>
> The Reinagels also contend that the second assignment is void as a "forgery," reasoning that Bly "has testified that his signature was scanned onto documents and then notarized as an original." This argument is a red herring. Texas recognizes typed or stamped signatures–and presumably also scanned signatures–so long as they are rendered by or at the direction of the signer, and the Reinagels do not allege that Bly's signature was scanned onto the document without his authorization. Moreover, acknowledgments are valid as long as they are made in the presence of the notary and meet certain other formalities the Reinagels do not challenge here; there is no requirement that the affiant affix his signature in wet ink. Finally, even if Bly's acknowledgment is defective, counsel for the Reinagels conceded during oral argument "that there is no dispositive law that says [an assignment of a deed of trust] has to be a notarized document. While mortgage assignments must be acknowledged to be *recorded*, Texas's recording statute protects only subsequent purchases for value and without notice. That is, while defects in the acknowledgment might

> prevent Deutsche Bank from foreclosing had a third party purchased the underlying real estate from the Reinagels without actual knowledge of the mortgage, they do not affect Deutsche Bank's rights against the Reinagels.

*Reinagel*, 735 F.3d at 226-228. (emphasis in original). Applying this to Plaintiffs' allegations and arguments that the assignments are fraudulent and illegal due to the involvement of Diana Pham, the allegations and arguments would render the assignment voidable, not void, and would not confer standing on Plaintiffs to challenge the assignments.

Even assuming that Diana Pham is a "robo-signer" and that she acted in dual roles as an Assistant Secretary for MERS, and as an Assistant Vice President of Bank of America, this alone is insufficient to confer standing on Plaintiffs to challenge her authority either as an agent for MERS or for Bank of America. First, MERS relies on its members to have their employees act as MERS officers with authority to sign on MERS's behalf. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2010)("[Most of the actions taken in MERS's own name are carried out by staff at the companies that sell and buy the beneficial interests in the loans.") As such, Diana Pham, signing the assignment of behalf of MERS's, and other documents as an assistant VP of Bank of America is consistent with the scenario described in *Cervantes*. The Youngs' conclusional allegations concerning the authority of Diana Pham are insufficient under *Reinagel* to demonstrate that they have standing to challenge the assignment on grounds of unauthorized agency as the allegations would render the assignment voidable, not void. *See Venegas v. U.S.Nat'l Ass'n*, No. SA-12-CV-1123-XR, 2013 WL 1948118, at *5 (W.D.Tex. May 9, 2013)(applying *Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976), and dismissing similar allegations as speculative and insufficient to state a claim under Fed.R.Civ.P. 12(b)(6)). All of the Youngs' challenges to the assignment would make the assignment voidable, not void, and as a result, the Youngs lack standing to challenge the assignment.

Based on their pleadings and the Deed of Trust and Assignment documents they have submitted, the Youngs have not stated a claim for lack of standing/declaratory judgment within the meaning of *Twombly* and *Iqbal*.

B. Quiet Title

Plaintiffs allege a claim for quiet title. In support of their quiet title claim, Plaintiffs allege in pertinent part:

> 46. All Defendants named herein claim or wrongly claimed an some property or monetary interest and estate in the property that was and is adverse to plaintiff in that Defendants assert that they are the beneficial interest holders and owner(s) of the note or power of sale under the deed of trust to the property the subject of this suit, and Defendant Bank of America claims it is the owner of the property under a Substitute Trustee's Deed that is void and should be set aside as alleged in this Petition.
>
> 47. The claim of all Defendants are and were without and are without any right whatsoever, and defendants have no right, estate, title, lien power of sale or any interest of any kind in or to the property, or to any part of the property.
>
> 48. The claim of all defendant herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to the property.
>
> 49. Plaintiffs, therefore, allege, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, now or at anytime, hold/held a perfected, legal, and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

(Document No. 1-1, Exhibit B-1, p. 17). "A suit to clear or quiet title–also known as suit to remove cloud from title–relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012). Under Texas law, to establish a quiet title claim, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL

6938507, at *3 (Tex.App.-Houston [1st Dist.] Dec. 30, 2011, no pet).

Here, Plaintiffs have satisfied the first two elements since they purchased the Property, thereby obtaining an interest in the Property, and Defendants' foreclosure efforts affects Plaintiffs' title. Defendants argue that Plaintiffs have not, and cannot prove the superiority of their title absent a showing that the Deed of Trust has been discharged or that they are current on their mortgage, which Defendants contend they cannot do. *See Washman v. Strickland*, No. 03-08-00372-CV, 2010 WL 670112, at *1 (Tex. App.-Austin Feb. 26, 2010, no pet.)("In a suit to quiet title, a plaintiff must establish superior title, proving and recovering on the strength of his own title, not the weakness of the defendant's title."). Defendants argue that Plaintiffs' quiet-title claim is yet another challenge to Defendants right to foreclose based on the allegedly fraudulent assignments since all of their arguments relate to the Deed of Trust and the Assignment and their argument that it is enforceable due to a defective assignment. As discussed above, Plaintiffs' allegations concerning the allegedly fraudulent assignment are without merit because the Deed of Trust and Assignment documents show a facially valid assignment of the Deed of Trust to Bank of America, N.A.. As such, Plaintiffs have failed to state a claim for quiet title within the meaning of *Twombly* and *Iqbal*.

C. Violations of Chapter 12 of the Texas Civil Practice and Remedies Code

Plaintiffs allege that Defendants fraudulently filed an assignment of the Deed of Trust in the real property records of Fort Bend County, Texas. (Document No. 1-1, Exhibit B-1 at ¶30). Plaintiffs re-allege their arguments that Defendants did not have authority to enforce the Note or Deed of Trust. Defendants respond that Plaintiffs' claim fails to allege any facts to support the claim and argue that Plaintiffs claim must be dismissed for failure to state a claim.[1]

---

[1] The law is unsettled whether a document assigning a deed of trust constitutes a "lien or claim" under Section 12.002. "Neither this court nor any Texas appeallate court has yet determined whether a document assigning a deed of trust constitutes a "lien or claim" under

A claim under Section 12.002(a) has three elements:

[T]he defendant (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against the real or personal property or an interest in real or personal property,"

(2) intended that the document be given legal effect, and

(3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Golden v. Wells Fargo Bank, N.A.*, ___Fed.Appx. ___, 2014 WL 644549, at *3 (5th Cir. Feb. 20, 2014)(quoting *Henning v. OneWest Bank, FSB*, 405 S.W.3d 950, 964 (Tex.App.-Dallas 2013, no pet.)(quoting Tex.Civ.Prac. & Rem. Code § 12.002(a)). "The party asserting a claim under Section 12.002 has the burden to prove the requisite elements of the statute." *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex.App.-Dallas 2008, no pet.). Here, Plaintiffs have failed to allege sufficient much less plausible facts that the Assignment was fraudulent. Plaintiffs' conclusory allegation that Defendants intended to cause Plaintiffs' financial injury, mental anguish, or emotional distress is insufficient to state a plausible claim for relief. *See Twombly*, 550 U.S. at 544 (to establish a claim for relief, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

D. Declaratory Judgment

In their "cause of action" for declaratory judgment, Plaintiffs seek a declaration "of the rights, obligations and interest of the parties with regard to the Property" and a declaration that they are "entitled to the exclusive possession of the property," they "own in fee simple absolute", and that Defendants "have no estate, right, title, lien, or interest in or to the real property or any part of the

---

Section 12.002, and there is currently a split in authority among the federal district courts in this circuit that have considered the issue." *Golden*, 2014 WL 644549, *3 n. 2.

property." (Document No. 1-1, Exhibit B-1 at 16-17 ¶38, 42, 43-44).

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, Tex.Civ.Prac.&Rem.Code Ann. § 37.001 *et. seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd*. 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D.Tex. 2011)(dismissing claim for declaratory judgment where all underlying substantive claims have been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, *3 (N.D.Tex. Nov. 28, 2011)(where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510, *4(N.D.Tex. 2012)(dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that Plaintiffs' substantive claims for lack of standing and to quiet title are subject to dismissal under Rule 12(b)(6), Plaintiffs' claim for declaratory relief is likewise subject to dismissal.

E. Rescission Claim

Plaintiffs further allege a "cause of action" for rescission. (Document No. 1-1, Exhibit B-1, p. 18 ¶52-55). Plaintiffs' Petition alleges no specific factual allegations in support of this claim but Plaintiffs argue that rescission is an appropriate remedy for their other claims, namely lack of standing to foreclosure/wrongful foreclosure and quiet title.

Under Texas law, rescission is an equitable remedy, not a separate cause of action. *Diaz-Angaraita v. Countrywide Home Loans,* Inc., No. H-13-cv-2638, 2013 WL 5603468, *3 (S.D.Tex.

Oct. 13, 2013)(quoting Scott *v. Sebree*, 986 S.W.2d 364, 368 (Tex.App.-Austin 1999, pet. denied)("[Rescission is not a 'claim' or a legal cause of action but an equitable remedy used as a substitute for monetary damages when such damages are inadequate."). Here, because the Plaintiffs have not stated a substantive claim for "lack of standing/declaratory judgment" or to quiet title, they have not stated a claim for rescission. Similarly, Plaintiffs' have not stated a claim for injunctive relief.

F. Injunctive Relief

The law is clear that injunctive relief is an equitable remedy, not a cause of action, and should be dismissed when no substantive legal claims are pled. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D.Tex. Jan. 24, 2013) (citations omitted); *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D.Tex. Sept. 1, 2011) (where Plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits warranting injunctive relief). Because Plaintiffs' underlying claims should be dismissed, their request for injunctive relief should be denied.

G. Amendment

Under Fed.R.Civ.P. 15(a)(2),leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies... unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, given the Fifth Circuit's rulings in *Reinagel* and *Martins* on the same type of

allegations made herein by the Youngs, there is no reasonable likelihood that the Youngs could amend their claims to overcome the legal deficiencies given the controlling law in the Circuit. As such, amendment of the pleadings should not be allowed.

## V. Conclusion

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Document No. 4) be GRANTED and that Plaintiffs' Petition be dismissed with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 30th day of May, 2014

Frances H. Stacy
United States Magistrate Judge